IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM GRAY,

           Petitioner,                    No. CIV S-07-1928 LKK GGH P

     vs.

MATTHEW C. CRAMER, et al.,

           Respondents.             FINDINGS AND RECOMMENDATIONS

_____/

I.  Introduction

        Petitioner is a state prisoner proceeding through counsel with a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  This action is proceeding on the original petition originally filed in the United States District Court for the Central District of California.  The petition is stamped filed on September 6, 2007.  However, the petition also contains a stamp indicating that it was received by the Central District on August 27, 2007.

        Petitioner challenges the September 22, 2005, decision by the California Board of Parole Hearings (BPH) finding him unsuitable for parole.  Petitioner contends that the 2005 decision was not supported by sufficient evidence, failed to established a nexus to petitioner's current parole risk, improperly relied on unchanging factors, was based on an inherent anti-parole bias, and violated due process by deferring petitioner's subsequent hearing for three years.

  
Pending before the court is respondent's November 29, 2007, motion to dismiss on grounds that this action is barred by the statute of limitations. After carefully considering the record, the court recommends that respondent's motion be granted.

II. Discussion

The statute of limitations for federal habeas corpus petitions is set forth in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The statute of limitations for habeas petitions challenging parole suitability hearings is based on § 2244(d)(1)(D), i.e. the date on which the factual predicate of the claim or claims could have been discovered through the exercise of due diligence. Redd v. McGrath, 343 F.3d 1077 (9th Cir. 2003). At the time the Ninth Circuit decided Redd, suitability decisions could be administratively appealed. Id. at 1084. In Redd, the Ninth Circuit held that the factual basis of the petitioner's claims challenging a parole suitability hearing could have been discovered through the exercise of due diligence when the BPH denied the administrative appeal. Id.

/////

1    Since Redd, the administrative review process for parole suitability hearings has

2 been eliminated.  Therefore, the factual predicate of petitioner's claims were discoverable at the

3 conclusion of the at-issue September 22, 2005, suitability hearing.  At this hearing, the BPH read

4 its decision, which described the reasons for finding petitioner unsuitable, into the record.

5 Petitioner had one year from September 22, 2005, to file a timely federal petition.  The instant

6 action was filed almost two years after that date.

7    Petitioner argues that the limitations period should run from when the September

8 22, 2005, decision became final 120 days later on January 20, 2006.  See Cal. Code Regs. tit. 15,

9 § 2043 ("Any proposed decision granting modifying, or denying a parole date for a life prisoner,

10 exclusive of those made during Progress Hearings, shall become final no later than 120 days after

11 the hearing at which the proposed decision was made.")  If the limitations period for habeas

12 petitions challenging parole petitions were governed by §2244(d)(1)(A), i.e. when the conviction

13 became final, the court would include the 120 days in the limitations period.  However, pursuant

14 to Redd, supra, the limitations period for parole cases runs from when the factual basis of the

15 claim could have been discovered through the exercise of due diligence.  When the decision of

16 the BPH became final has no bearing on when petitioner discovered the factual basis of his

17 claims.

18    Assuming that the 120 day time period before the BPH decision became final is

19 included in the limitations period, petitioner argues that the limitations period includes the 30

20 days the Governor has to review the BPH decision following that time.  Petitioner argues that

21 under California law, no decision of the BPH to grant, deny, revoke, or suspend parole "shall

22 become effective" for a period of 30 days, during which time the Governor may review the

23 decision.  Cal. Const. Art. V, § 8(b).

24    Because the limitations period for parole cases runs from when the factual basis of

25 the claims could have been discovered through due diligence, pursuant to § 2244(d)(1)(D), rather

26 than from when the decision of the BPH became final, pursuant to § 2244(d)(1)(A), the 30 day

1    gubernatorial review period is not included in the limitations period.

2            On December 18, 2007, petitioner filed a request for judicial notice.  Petitioner

3    requests that the court take notice of the order attached to the notice filed December 12, 2007, by

4    Magistrate Judge Nakazato of the United States District Court for the Central District of

5    California.  In this order, Magistrate Judge Nakazoto found that a Deputy Attorney General

6    violated Fed. R. Civ. P. 11 by arguing that the 30 day gubernatorial review period should not be

7    included in the limitations period for habeas petitions challenging parole suitabilty hearings.

8    Magistrate Judge Nakazoto based this finding on grounds that the case law clearly established

9    this rule.

10           A court may take judicial notice of facts that are capable of accurate and ready

11   determination by a resort to sources whose accuracy cannot be reasonably questioned.  Fed. R.

12   Evid. 201(b).  A court "may take judicial notice of a document filed in another court not for the

13   truth of the matters asserted in the other litigation, but rather to establish the fact of such

14   litigation and related filings."  United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994).

15           By submitting Magistrate Judge Nakazoto's opinion, petitioner is asking the court

16   to do more than take judicial notice of this opinion.  Rather petitioner is, in essence, submitting

17   further authority in support of his claim that the 30 day gubernatorial review period should be

18   included in the limitations period.  Because the Federal Rules of Civil Procedure do not provide

19   for this type of pleading, i.e. a response to a reply to an opposition to a motion to dismiss,

20   petitioner's pleading is technically inappropriate.  Nevertheless, this court will address several of

21   the points made by Magistrate Judge Nakazoto.

22           In his opinion, Magistrate Judge Nakazoto does not cite Redd or otherwise discuss

23   when the limitations period for habeas petitions challenging parole suitability hearings begins to

24   run.  Magistrate Judge Nakazoto states,

25           The Court finds respondent's counsel's failure to include the 30-day gubernatorial
             review period in calculating AEDPA's limitation period is inexcusable.  To begin
26           with, the 30-day gubernatorial review period is imposed by Article V, § 8(b) of

                                                    4

1  the State constitution, which the Attorney General Office is presumably familiar with.  Further, in light of this constitutional provision, both state and federal
2  courts have issued decisions that hold a Board's parole decision does not become final until the expiration of the 30-day gubernatorial review period.  See Johnson
3  v. Gomez, 92 F.3d 964, 965-967 (9th Cir. 2006); Sanchez v. Kane, 444 F.Supp.2d 1049, 1060 (C.D. Cal. 2006); In re Arafiles, 6 Cal.App.4th 1467, 1473-74 (1992).
4

5  Because the Ninth Circuit found that the limitations period for habeas petitions

6  challenging parole suitability hearings runs from when the factual predicate of the claim could

7  have been discovered, this court respectfully disagrees with the finding of Magistrate Judge

8  Nakazoto that the limitations period includes not only the 120 days before the BPH decision

9  becomes final but also the 30 day gubernatorial review period.

10  This court also notes that the three cases cited above, i.e. Johnson, Sanchez, and

11  Arafiles, did not specifically address the issue of when the limitations period ran for habeas

12  petitions challenging parole suitability hearings.  In Sanchez, the district court considered the

13  merits of a habeas petition challenging a decision by the Governor to reverse a finding of

14  suitability by the BPH.  The district court did not address the issue of when the statute of

15  limitations ran for a habeas decision challenging a finding of unsuitability by the BPH.  Other

16  than the opinion by Magistrate Judge Nakazato, this court can find no other case including the 30

17  gubernatorial review period in the limitations period for a habeas petition challenging the finding

18  of unsuitability by the BPH.

19  The court has carefully considered the order by Magistrate Judge Nakazato but

20  respectfully disagrees with the finding that the 30 day gubernatorial review period is included in

21  the limitations period for habeas petitions challenging findings of parole unsuitability by the

22  BPH.  Accordingly, the petition is not timely unless petitioner is entitled to statutory or equitable

23  tolling.

24  Section 2244(d)(2) provides that the time during which a properly filed

25  application for State post-conviction or other collateral review with respect to the pertinent

26  judgment or claim is pending shall not be counted toward any period of limitation.

Petitioner filed a habeas corpus petition in the Santa County Superior Court on January 10, 2007. Motion to Dismiss, Exhibit 2. The Superior Court denied the petition on March 12, 2007. Id., Exhibit 3. On July 25, 2007, the California Supreme Court denied the petition for review. Id., Exhibit 4. Petitioner's state petitions were pending for 196 days. Adding 196 days to September 23, 2006, would make petitioner's federal petition due on or before April 7, 2007. The instant petition is still not timely, regardless of whether the court considers August 27, 2007, as the filing date, i.e. the date on which the petition was stamped received by the Central District Court.

The court now considers whether petitioner is entitled to equitable tolling. The one year statute of limitations for filing a habeas petition may be equitably tolled if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). The prisoner must show that the "extraordinary circumstances" were the cause of his untimeliness. Stillman v. LaMarque, 319 F.3d 1199, 1203 (9th Cir. 2003). "Indeed, the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002). Petitioner "bears the burden of showing that this extraordinary exclusion should apply to him." Id.. Determining whether equitable tolling applies is a "fact-specific" inquiry. Fry v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001).

In the opposition to the pending motion, petitioner argues that he is entitled to equitable tolling because the BPH did not provide him with a copy of the hearing transcript until March 2006. Cal. Penal Code § 3041.5(b)(2) provides that a written statement of reasons parole is being denied must be sent to the petitioner within twenty days after the parole hearing. Petitioner argues that without the transcript, he could not make meaningful constitutional claims.

In the reply to petitioner's opposition, respondent argues that the BPH records show that petitioner's transcript was sent to him on October 18, 2005. Reply, Exhibit 1. A second transcript was retrieved from the BPH on petitioner's behalf on March 9, 2006. Reply,

1   Exhibit 2.

2              There are several problems with petitioner's argument.  First, petitioner has

3   provided no verified declaration by petitioner himself stating when he received the transcript.

4   Rather, petitioner relies on the petition verified by counsel for this information.  Counsel's

5   representation regarding when petitioner received the transcript is not sufficient evidence of this

6   point.

7              In addition, the court does not find that petitioner's alleged failure to receive a

8   timely transcript prevented him from filing his federal petition on time.  Aside from the fact that

9   petitioner heard the decision in person, petitioner waited until the limitations period had almost

10  run to file his first state habeas petition in January 2007, i.e. almost 9 months after he received

11  his transcript in March 2006.  Under these circumstances, petitioner's alleged failure to receive

12  the suitability hearing transcript did not prevent him from filing a timely federal petition.

13  Petitioner is not entitled to equitable tolling on this ground.

14             Accordingly, IT IS HEREBY RECOMMENDED that respondent's November 29,

15  2007, motion to dismiss be granted.

16             These findings and recommendations are submitted to the United States District

17  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

18  days after being served with these findings and recommendations, any party may file written

19  objections with the court and serve a copy on all parties.  Such a document should be captioned

20  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

21  shall be served and filed within ten days after service of the objections.  The parties are advised

22  that failure to file objections within the specified time may waive the right to appeal the District

23  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

24  DATED: 07/17/08

                                      /s/ Gregory G. Hollows
25                                    _____
                                      UNITED STATES MAGISTRATE JUDGE
26  gray.mtd