IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM GRAY,

    Petitioner,                    No. CIV S-07-1928 LKK GGH P

    vs.

MATTHEW C. CRAMER,

    Respondents.              ORDER

_____/

    Petitioner is a state prisoner proceeding through counsel with a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner is currently serving a life sentence with possibility of parole, and challenges a determination by the California Board of Parole Hearings (PBH) that he was unsuitable for parole. Respondents moved to dismiss, on the ground that this action is barred by the statute of limitations. After carefully considering the record, the court grants respondents' motion.[1]

---

[1] The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262. On July 18, 2008, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty days. Petitioner has filed objections to the findings and recommendations. In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court has conducted a de novo review of this case.

1

Petitioner has also moved for a stay of this case, pending resolution of a state court decision that would affect the merits of the instant petition. Because the court determines that the petition is untimely, the request for a stay is denied.

## I. ANALYSIS

Petitioner challenges the 2005 decision by the BPH that he was unsuitable for parole. The substance of his challenge is not at issue in the present motion. Respondent has moved to dismiss the petition on the ground that it was not filed within the limitations period for habeas petitions provided by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). See 28 U.S.C. § 2244(d)(1). Accordingly, the relevant issues are (1) when the limitations period began to run, (2) whether, and for how long, petitioner may claim statutory tolling, and (3) whether, and for how long, petitioner may claim equitable tolling.

**A.    Commencement of the AEDPA Limitations Period**

First, the court must determine whether the limitations period begins when the BPH issues a proposed decision after the suitability hearing, 120 days later when the BPH decision becomes "final," or 30 days after that, when the Governor's time to review the decision has expired.

The statute of limitations for federal habeas corpus petitions is set forth in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was

     initially recognized by the Supreme Court, if the right has
     been newly recognized by the Supreme Court and made
     retroactively applicable to cases on collateral review; or

  (D)  the date on which the factual predicate of the claim or
     claims presented could have been discovered through the
     exercise of due diligence.

  The Ninth Circuit has determined that the one-year period of limitations set forth in 28 U.S.C. § 2244 "applies to all habeas petitions filed by persons in 'custody pursuant to the judgment of a State court,' even if the petition challenges an administrative decision rather than a state court judgment." Shelby v. Bartlett, 391 F.3d 1061, 1062 (9th Cir. 2004) (citation omitted). See also Redd v. McGrath, 343 F.3d 1077, 1080-83 (9th Cir. 2003) (assuming without deciding that the AEDPA statute of limitations applies to collateral attacks on Parole Board decisions).

  The Ninth Circuit has held that in the context of a habeas petition challenging a parole suitability determination, the applicable provision is section 2244(d)(1)(D), i.e., the date on which the factual predicate of the claim or claims could have been discovered. Shelby, 391 F.3d at 1066, Redd, 343 F.3d at 1081-83. Redd explicitly rejected application of section 2244(d)(1)(A) to this context, stating that for purposes of that provision, "judgment" meant "judgment of conviction," and "direct review" meant "direct appellate review of that judgment." 343 F.3d at 1081.

  Redd therefore applied section 2244(d)(1)(D). At the time the Ninth Circuit decided Redd, suitability decisions could be administratively appealed. Id. at 1084. Under that framework, the factual basis of a petitioner's challenge to a BPH parole suitability determination could be discovered once the BPH denied the administrative appeal. Id. Shelby interpreted this same framework. 391 F.3d at 1065 (petition brought after denial of administrative appeal).

  Since Redd and Shelby, but prior to the events at issue in this case, the administrative review process for parole suitability hearings has been eliminated. Under the current system, all BPH decisions "are proposed decisions and shall be reviewed prior to their effective date in accordance with the following procedures." Cal. Code Regs. tit. 15, § 2041(a). "Proposed

decisions made at hearings for prisoners serving a sentence of life with the possibility of parole . . . . shall become final within 120 days of the hearing." § 2041(h); see also Cal. Pen. Code § 3041(b). During this time, the Board may modify the proposed decision or order a new hearing. Cal. Code Regs. tit. 15, § 2041(h). Pursuant to these regulations, the "decision" produced after the Sept. 22, 2005 parole hearing in this case included a statement that "this decision will become final on: Jan. 20, 2006." Pet'r's Opp'n to Mot. Dismiss, Ex. 1, 173.

Cases have reached differing conclusions as to when, under the current system, "the factual predicate" to a habeas petition challenging denial of parole becomes discoverable. In this case, the Magistrate concluded that the predicate was discoverable on the day of the parole hearing, September 22, 2005. See also, e.g., McGuire v. Mendoza-Powers, 2008 U.S. Dist. LEXIS 29489, *26 (E.D. Cal. Apr. 10, 2008) (holding that the limitations period commenced the day after the BPH hearing). Other cases have held that the limitations period begins once the decision becomes final. See, e.g., Solorio v. Hartley, 591 F. Supp. 2d 1127, 1130 (C.D. Cal. 2008), Matthews v. Fisher, 2009 U.S. Dist. LEXIS 10968 (E.D. Cal. Feb. 13, 2009), Nelson v. Clark, No. 1:08-cv-00114, 2008 WL 2509509, 4 (E.D. Cal. June 23, 2008), Perez v. Sisto, 2007 U.S. Dist. LEXIS 77509 (E.D. Cal. Oct. 16, 2007).[2]

The latter cases present the better approach. The factual predicate for petitioner's habeas petition must be the final, rather than the proposed, BPH decision. Because there was no final decision until 120 days after the hearing, it could not be discovered before then. In Redd, the Ninth Circuit noted that the Second, Fourth, and Tenth Circuits have held "that for prisoners challenging administrative decisions such as the denial of parole or the revocation of good time credits, AEDPA's statute of limitations begins running under § 2244(d)(1)(D) on the date the

---

[2] One case adopted yet a third approach. Mayfield v. Scribner, 2008 U.S. Dist. LEXIS 22439 (S.D. Cal. Mar. 21, 2008). In Mayfield, the court held that although the factual predicate was discoverable after the parole hearing, the fact that the notice sent to the prisoner stated that the decision would not be final for 120 days entitled the prisoner to equitable tolling for that period.

4

administrative decision became final." 341 F.3d at 1084 (citing Wade v. Robinson, 327 F.3d 328, 333 (4th Cir. 2003), Cook v. N.Y. State Div. of Parole, 321 F.3d 274, 280 (2d Cir. 2003), Burger v. Scott, 317 F.3d 1133, 1138 (10th Cir. 2003)). Absent specific direction from the Ninth Circuit, the court follows these decisions. Neither the proposed decision nor the hearing itself commenced the AEDPA limitations period.

Petitioner argues that the onset of the AEDPA limitations should be further delayed to account for the thirty day period in which the Governor may review parole decisions. Cal. Const. Art. V, § 8(b); Cal. Pen. Code § 3041.2. Throughout that period, although the decision is "final" according to the BPH and the California regulations, the decision cannot yet be enforced. Cal. Pen. Code § 3041.2. The governor's review power therefore "removes final parole decisionmaking authority from the BPT [now the BPH] and places it in the hands of the governor." Johnson v. Gomez, 92 F.3d 964, 967 (9th Cir. 1996); see also In re Rosenkrantz, 29 Cal. 4th 616, 643 (2003) (quoting this passage from Johnson).

The court declines to adopt petitioner's interpretation of the onset of the limitations period. The factual predicate of the habeas petition is the final decision of the BPH, not the proposed decision (which is entered 120 days prior), nor the governor's refusal to review the decision (which occurs 30 days later). If the board were to determine that a prisoner was suitable for parole, and the governor were to subsequently reverse this decision, then a petition could challenge the governor's reversal. However, this court will not construe the instant petition as a challenge to the governor's failure to reverse the board's finding of non-suitability. As such, the factual predicate is the board's decision, not the governor's. A prisoner learns of the basis for the final decision on the day the decision becomes "final" for purposes of the California regulations. Solario held that the limitations period began to run 120 days after the proposed decision, not 150 days (the position petitioner advocates), and the other cited cases shared in this conclusion. 591 F. Supp. 2d at 1130.

Accordingly, the limitations period began to run 120 days after the BPH issued its

proposed decision. The proposed decision was released on September 22, 2005, and that decision became final on January 20, 2006. That day was a Saturday. The limitations period therefore commenced on January 22, 2006.

**B.     Statutory Tolling**

The court adopts the magistrate's findings and recommendations with respect to statutory tolling in full. Section 2244(d)(2) provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation.

Petitioner's state petitions were pending from January 10, 2007 through July 25, 2007. The AEDPA limitations period was therefore tolled for 196 days.

**C.     Equitable Tolling**

The one year limitations period commenced on January 22, 2006, and was statutorily tolled for 196 days. The period therefore expired on August 8, 2007, unless petitioner is further entitled to equitable tolling.

Under AEDPA, the one year statute of limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005). To determine whether an impediment exists that would sufficiently prevent a petitioner from filing, for purposes of 28 U.S.C. § 2244(d)(1)(B), a court looks at the particular facts of the case. Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc).

Petitioner claims that the Board did not mail petitioner a copy of the hearing transcript to petitioner until March of 2006, and that this circumstance prevented petitioner from filing a petition until such transcripts were provided. Petitioner cites a state case dismissing an analogous habeas petition for failure to provide a copy of the parole board's hearing transcripts. In re Ontiveros, Alameda County Superior Court No. 77156 (Feb. 22, 2007); California Court of

6

Appeal, First District, No. A116939; California Supreme Court, No. S150912; <u>see also</u> <u>Ontiveros v. Subia</u>, No. 07-2245 (E.D. Cal. Aug. 27, 2008). Petitioner's argument founders on two obstacles.

First, it is likely that hearing transcripts were available at the Board office at that time. Cal. Pen. Code § 3041.5(b)(2) provides that a written statement of the reasons parole is being denied must be sent to the prisoner within twenty days after the parole hearing. Petitioner apparently relies on this statutory provision in arguing that transcripts should have been mailed directly to him. However, a separate statutory provision, Cal. Pen. Code § 3042(b), provides that parole hearing transcripts "shall be filed and maintained in the office of the Board of Prison Terms and shall be made available to the public no later than 30 days from the date of the hearing." Petitioner has not claimed that transcripts were not available from this office. Petitioner, who was represented by counsel in filing his petitions (both the state petitions and the instant federal petition), could have sought a copy of the transcripts from this office. This possibility indicates the absence of "extraordinary circumstances" that would prevent a diligent petitioner from filing a petition, and that would thereby warrant tolling.

The second obstacle is that if, contrary to the above, the transcripts were actually unavailable, petitioner could have filed a state petition without them. California courts require that a habeas petition "include copies of <u>reasonably available</u> documentary evidence supporting the claim, including pertinent portions of trial transcripts and affidavits or declarations." <u>People v. Duvall</u>, 9 Cal. 4th 464, 474 (1995) (emphasis added). Where a petitioner seeks to be excused from providing evidence on the ground that it is not reasonably available, the petitioner must explain why the information is unavailable, and what steps were taken to acquire it. <u>See id.</u> at 485. In the <u>Ontiveros</u> cases, cited by petitioner for the proposition that California law requires that hearing transcripts be attached to petitions, nothing indicates that the petitioner offered such an explanation as to why the transcripts were unavailable. Thus, unavailability of the transcripts cannot prevent a prisoner from filing a habeas petition, because prisoners retain the option of

filing a petition that explains why transcripts are unavailable.

In light of these conclusions, the court does not address the magistrate's conclusion that, even if petitioner was incapable of filing a petition until he received the transcript in March of 2006, tolling is unwarranted because the remainder of the limitations period provided adequate opportunity to file a petition.

Putting the steps of the limitations analysis together, the limitations period expired on August 8, 2007. The petition was stamped as received by the Central District Court (where this case was initially filed) on August 27, 2007. Even considering petitioner's allegations that the court was delinquent in processing the petition, the proof of service indicates that it was mailed on August 22, 2007. Accordingly, the petition was untimely.

**D.     Petitioner's Motion for Stay**

On February 26, 2009, while review of the findings and recommendations was pending, petitioner requested a stay of this case. On December 24, 2008, the Santa Clara County Superior Court, where petitioner's state petition was originally filed, responded to petitioner's request for reconsideration in light of In re Lawrence, 44 Cal. 4th 1181 (2008) by directing respondent to address Petitioner's constitutional claims based on the Lawrence standard. Petitioner contends that any subsequent state court decision will have the potential to affect the merits of this claim. Petitioner does not address whether reconsideration effects the timeliness of the federal petition.

This motion for reconsideration, and any subsequent order by the state courts, does not affect the timeliness decision reached above. A petitioner "is not entitled to tolling during the interval between the completion of one round of state collateral review and the commencement of a second round of review." King v. Roe, 340 F.3d 821, 823 (9th Cir. 2003); see also Delhomme v. Ramirez, 340 F.3d 817, 820-21 (9th Cir. 2003). Although these cases considered petitioners who filed separate state petitions, they also apply to this case. Petitioner filed a motion for reconsideration of a prior petition in the superior court based on a change in California law that occurred over a year after the California Supreme Court had denied the initial

petition.  Petitioner's motion for reconsideration is effectively a "second round of review."  As such, this reconsideration does not change the tolling analysis.

## II. CONCLUSION

For the reasons stated above, the court orders as follows:

1. The findings and recommendations filed on July 18, 2008 are adopted as to their discussion of statutory tolling, and rejected as to their discussion of the onset of the limitations period and equitable tolling.
2. Respondent's November 29, 2007 motion to dismiss (Doc. 5) is GRANTED.
3. Petitioner's February 26, 2009 motion for a stay (Doc. 13) is DENIED.

IT IS SO ORDERED.

DATED: March 26, 2009.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT